## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

BRITTANY CRAWFORD,                    Case No. _____

     Plaintiff(s),

vs.

LEGENDS HOSPITALITY,

     Defendant(s).

_____/

## COMPLAINT

COMES NOW, Plaintiff, BRITTANY CRAWFORD ("Plaintiff" or "Crawford"), by and through her undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, files this Complaint against Defendant, LEGENDS HOSPITALITY ("Defendant" or "Legends"), and alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action against Legends under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq., the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k), as well as Florida Civil Rights Act, (FCRA) as codified in Chapter 760 of the Florida Statutes, for its unlawful discrimination

1

and retaliation against Plaintiff based on her pregnancy. This action seeks declaratory and equitable relief, as well as monetary damages, to redress Defendant's violations of the PDA.

2.      As her employer, Defendant subjected Plaintiff to pregnancy discrimination and retaliation. After approximately 5 years of outstanding employment, Plaintiff told Defendant about her pregnancy. Defendant immediately began subjecting Plaintiff to strenuous work conditions, regularly working shifts exceeding 12 hours without appropriate breaks or adjustments for medical needs, even after Plaintiff explicitly informed her supervisor and human resources of her health concerns.

3.      Defendant then retaliated against Plaintiff when, on or about August 14, 2025, Plaintiff, after successfully completing a grueling shift, informed her immediate supervisor that she could no longer continue working that day due to her pregnancy-related condition.  Defendant reprimanded Plaintiff and sent her home. Defendant terminated Plaintiff on August 31, 2024.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and the PDA. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e, et seq. Plaintiff's claim for attorney's fees and costs is conferred by the enforcement provisions of Title VII, 42 U.S.C. § 2000e-5(g)(2)(b)(i).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the state of Florida, and at the time of the events giving rise to this litigation, all of the parties resided in Florida.

PARTIES

6.     Plaintiff is a citizen of the United States and a resident of, and domiciled in, Florida. Plaintiff was an employee of Defendant from 2018 until August, 2024.

7.     Defendant Legends is a business entity licensed under the laws of the State of Florida and does business in the State of Florida.

8.     At all relevant times, Defendant has been an employer within the meaning of Title VII. Defendant had 15 or more employees throughout the relevant time period.

PROCEDURAL REQUIREMENTS

9.     On December 6, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Tampa, Florida. The charge was filed within 300 days of the occurrence of one or more of the alleged unlawful employment practices that violated 42 U.S.C. § 2000e, et seq.

10.    On <u>July 28, 2025</u>, Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff is filing this complaint within 90 days of receiving the Notice of Right to Sue.

FACTUAL ALLEGATIONS

11.    When Plaintiff joined Defendant in 2018, she brought to the organization four years of experience in hospitality and services.

12.    Plaintiff is a former employee of Defendant. Plaintiff began working for Defendant as a Suites Coordinator in July 2018.

13.    Plaintiff was promoted to an Assistant Suites Manager in 2021.

14.    Plaintiff was further promoted to an Suites Manager in April 2022 as a result of her continued exemplary performance.

15.    As a Suites Manager, Plaintiff was responsible for:

    a.  Managing all premium facets to meet operational budgets and ensure all financial reporting was accurate;

    b.  Provided leadership, coaching, and mentorship to staff responsible for executing the business plan;

    c.  Maintained costs as it pertained to labor and operating expenses;

    d.  Oversaw monthly inventory; and

    e.  Conducted meetings to update staff on daily goals and objectives.

16.    Plaintiff excelled as a Suites Manager. Her peers have admired her for work ethic, willingness to cooperate, dedication, and performance.

17.    At all times relevant hereto, Plaintiff was qualified for her position as Suites Manager with Defendant.

### Plaintiff's Application for Employment with Defendant

18.    Plaintiff initially applied for the position of Suites Coordinator with Defendant on or around July 2018.

19.    Plaintiff was promoted to her final position with the Defendant in April of 2022, after almost four years of dedicated and exemplary service.

20.    As a result of Defendant's discriminatory employment practices, Plaintiff was terminated from the position of Suites Manager.

21.    On or about the end of May 2024, Plaintiff found out that she was pregnant.

22.    Plaintiff informed Defendant of her pregnancy on or about the first week of June 2024.

23.    The felicitations regarding Plaintiff's pregnancy were short-lived. Defendant's attitude and behavior toward Plaintiff changed shortly after learning of her pregnancy.

24.    After Plaintiff informed Defendant of her pregnancy, Defendant immediately began to treat Plaintiff in a discriminatory manner.

25.     Such discrimination by Defendant included subjecting her to long hours with no consideration for a break to eat or rest, including multiple days when Plaintiff would request to take a break or leave the premises after completing all assigned tasks, and Plaintiff was forced by the Defendant to stay.

26.     On or about August 14, 2024, Plaintiff informed her immediate supervisor that she could no longer continue working that day due to her pregnancy-related condition. Rather than understanding her situation, Plaintiff was reprimanded and sent home.

27.     Plaintiff attempted to resolve the issue by reporting the incident to Human Resources (HR) and disclosing her condition.

28.     On August 19, 2024, Defendant retaliated against Plaintiff by issuing her a written warning for insubordination, despite her clearly explaining that her departure was driven by legitimate health concerns.

29.     The August 19, 2024, warning was a "final warning" in which Plaintiff was told that it would not result in her termination. This was the first and only warning that Plaintiff had ever received during her time with Defendant.

30.     Despite the retaliatory actions of the Defendant, Plaintiff continued to perform her job duties.

31.     On August 31, 2024, Plaintiff was abruptly terminated.

32.     During Plaintiff's termination meeting with the Defendant, Human Resources apologized for the delay in firing her, citing "paperwork issues" and

revealing that her termination had been decided on August 19, 2024, the very day she was issued the final written warning.

33.    Plaintiff was not provided a mid-year performance review, despite Plaintiff specifically requesting such review, further undermining that her termination was performance-based.

34.    Defendant failed to engage in any type of interactive process with Plaintiff to accommodate her pregnancy.

35.    Defendant was aware of Plaintiff's protected conduct.

36.    As a direct and immediate response to Plaintiff's engagement in protected activity, Defendant took adverse employment actions against her.

37.    Defendant terminated Plaintiff upon learning of her pregnancy without engaging in any interactive process to accommodate her pregnancy.

38.    The essential job duties of Plaintiff did not make accommodations an undue hardship on the Defendant.

39.    Plaintiff, with accommodations, could have continued to perform the essential functions of her job during her pregnancy.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 2000e(k)

### Sex/Pregnancy Discrimination in Employment

40.    Plaintiff hereby incorporates by reference paragraphs 1 through 39 above of this Complaint as if fully set forth herein.

41.    Plaintiff, as a pregnant female in the workplace, is a member of a class of citizens protected by Title VII, as amended by the PDA.

42.    Defendant was aware of Plaintiff's pregnancy.

43.    Defendant had actual knowledge of Plaintiff's pregnancy.

44.    Defendant had constructive knowledge of Plaintiff's pregnancy.

45.    Defendant knowingly and intentionally discriminated against Plaintiff because of her sex and pregnancy.

46.    At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

47.    Defendant treated Plaintiff less favorably than her similarly situated non-pregnant counterparts.

48.    Defendant discriminated against Plaintiff because of her sex and pregnancy, in violation of Title VII, through adverse employment actions carried out by her supervisors and human resources, whom were employees and agents of the Defendant.

49.    Defendant's discriminatory adverse employment actions against Plaintiff included issuing unwarranted written warnings and ultimately termination.

50.    The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her sex and pregnancy.

51.    Defendant is liable for the acts and omissions of its agents and employees.

52.    The sex- and pregnancy-related employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Plaintiff's attorney's fees in bringing this action.

**WHEREFORE**, Plaintiff, Brittany Crawford, demands judgment against the Defendant for damages for violation of Title VII of the Civil Rights Act for sex/pregnancy discrimination and further demands back pay, front pay, compensatory damages, pain and suffering, punitive damages, and attorney fees and costs as a result of Defendant's violation.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 2000e-3(a)

### Retaliation in Employment

53.    Plaintiff hereby incorporates by reference paragraphs 1 through 38 above of this Complaint as if fully set forth herein.

54.    Defendant retaliated against Plaintiff in violation of Title VII and the PDA.

55.    Plaintiff engaged in protected conduct within the meaning of Title VII and the PDA by opposing what she reasonably believed were unlawful discriminatory and retaliatory employment practices based on her sex, pregnancy, and protected conduct.

56.    Plaintiff's protected conduct included reporting the pregnancy related incident to human resources.

57.    Defendant actively discouraged Plaintiff from engaging in protected conduct by issuing her a written warning for insubordination, despite Plaintiff explaining that her departure was driven by legitimate health concerns.

58.    In response to Plaintiff's protected conduct, Defendant retaliated against her through adverse employment actions carried out by its manager(s), supervisor(s), and other agents of the Defendant.

59.    Defendant's retaliatory adverse employment actions against Plaintiff included issuing a written warning and termination of employment.

60.    Defendant treated Plaintiff less favorably than her similarly situated counterparts who did not engage in protected conduct.

61.    The effect of these adverse actions has been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because she engaged in protected conduct.

62.    Defendant is liable for the acts and omissions of its agents and employees.

63.    The retaliatory employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Plaintiff's attorney's fees in bringing this action.

WHEREFORE, Plaintiff, Brittany Crawford, demands judgment against the Defendant for damages for violation of Title VII of the Civil Rights Act for retaliation and further demands back pay, front pay, compensatory damages, pain and suffering, punitive damages, and attorney fees and costs as a result of Defendant's violation

## THIRD CLAIM FOR RELIEF

### Fla. Stat. § 760.10(1)(a)

### Sex/Pregnancy Discrimination in Employment

64.    Plaintiff hereby incorporates by reference paragraphs 1 through 38 above of this Complaint as if fully set forth herein.

65.    At all relevant times, Defendant was an "employer" within the meaning of the Fla. Stat. § 760.

66.    Plaintiff, as a pregnant female in the workplace, is a member of a class of citizens protected by the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1)(a), which prohibits discrimination on the basis of sex, including pregnancy.

67.    Defendant was aware of Plaintiff's pregnancy.

68.    Defendant had actual knowledge of Plaintiff's pregnancy.

69.    Defendant had constructive knowledge of Plaintiff's pregnancy.

70.    Defendant knowingly and intentionally discriminated against Plaintiff because of her sex and pregnancy.

71.    At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

72.    Defendant treated Plaintiff less favorably than her similarly situated non-pregnant counterparts.

73.    Defendant discriminated against Plaintiff because of her sex and pregnancy, in violation of Fla. Stat. § 760.10(1)(a), through adverse employment actions carried out by her supervisors and human resources, who were employees and agents of the Defendant.

74.    Defendant's discriminatory adverse employment actions against Plaintiff included issuing unwarranted written warnings and ultimately termination.

75.    The effect of the discriminatory practices described above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex and pregnancy.

76.    At all times material hereto Defendant is liable for the acts and omissions of its agents and employees.

77.    Defendant's discrimination against Plaintiff was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

78.    Defendant's conduct was with malice or reckless indifference to Plaintiff's protected rights under Florida law.

79.    The sex and pregnancy-related employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status under the FCRA, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Plaintiff's attorney's fees in bringing this action pursuant to Fla. Stat. § 760.11(5).

**WHEREFORE**, Plaintiff, Brittany Crawford, demands judgment against the Defendant for damages for violation of Florida Statute 760.10(1)(a) for sex/pregnancy discrimination and further demands back pay, front pay, compensatory damages, pain and suffering, punitive damages, and attorney fees and costs as a result of Defendant's violation.

## FOURTH CLAIM FOR RELIEF

Fla. Stat. § 760.10(7)

Retaliation for Opposing Pregnancy Discrimination

80.    Plaintiff hereby incorporates by reference paragraphs 1 through 38 above of this Complaint as if fully set forth herein.

81.    Defendant retaliated against Plaintiff in violation of the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(7), which prohibits retaliation against any person who has opposed any practice made unlawful by the FCRA or participated in any proceeding under the Act

82.    At all relevant times, Defendant was an "employer" within the meaning of the Fla. Stat. § 760.

83.    Plaintiff, as a pregnant female in the workplace, is a member of a class of citizens protected by the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1)(a), which prohibits discrimination on the basis of sex, including pregnancy.

84.    Defendant was aware of Plaintiff's pregnancy.

85.    Defendant had actual knowledge of Plaintiff's pregnancy.

86.    Defendant had constructive knowledge of Plaintiff's pregnancy.

87.    Plaintiff engaged in protected conduct within the meaning of Fla. Stat. § 760.10(7) by opposing what she reasonably believed were unlawful discriminatory employment practices based on her pregnancy, which is protected as a form of sex discrimination under the FCRA.

88.    Plaintiff's protected conduct included disclosing her pregnancy, informing her supervisor and human resources of her pregnancy-related health concerns and inability to continue working a shift due to those concerns, and reporting the incident to human resources.

89.    Defendant was aware of Plaintiff's protected conduct, as evidenced by the direct communications with supervisors and human resources.

90.    In direct response to Plaintiff's protected conduct, Defendant retaliated against her through adverse employment actions carried out by its manager(s), supervisor(s), human resources, and other agents of the Defendant.

91.    Defendant's retaliatory adverse employment actions against Plaintiff included reprimanding her, issuing an unwarranted written warning for insubordination on August 19, 2024, and terminating her employment on August 31, 2024, despite the termination decision having been made on the date of the warning.

92.    There is a causal connection between Plaintiff's protected conduct and Defendant's adverse employment actions, demonstrated by the close temporal proximity (e.g., warning issued five days after the August 14, 2024 incident and termination shortly thereafter), Defendant's failure to provide a mid-year performance review as requested, lack of engagement in any interactive process for accommodations, and statements during the termination meeting indicating the decision was tied to the events following her pregnancy disclosure.

93.    Defendant treated Plaintiff less favorably than her similarly situated counterparts who did not engage in protected conduct related to pregnancy.

94.    The effect of these adverse actions has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected conduct opposing pregnancy discrimination.

95.    At all times material hereto, Defendant is liable for the acts and omissions of its agents and employees.

96.    The retaliatory employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status under the FCRA, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological,

emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Plaintiff's attorney's fees in bringing this action pursuant to Fla. Stat. § 760.11(5).

**WHEREFORE**, Plaintiff, Brittany Crawford, demands judgment against the Defendant for damages for violation of Florida Statute  760.10(7) for retaliation for opposing pregnancy discrimination and further demands back pay, front pay, compensatory damages, pain and suffering, punitive damages, and attorney fees and costs as a result of Defendant's violation.

<u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: <u>October 8, 2025.</u>

Respectfully submitted,

*/s/ Joseph F. Southron*
Joseph F. Southron, Esq.
Florida Bar Number: 122109
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Telephone: (813) 773-5105
Fax: (813) 773-5103
E-Mail: joe@southronfirm.com
jack@southronfirm.com
Secondary E-Mail:
eservice@southronfirm.com
*Attorney for Plaintiff*